## Kolosky v. Philadelphia Workingmen's Saving, Loan and Building Association

*Hymen Schwartz*, for plaintiff.

*Harry Shapiro*, for defendant.

OLIVER, P. J., June 28, 1951.—This matter is before us on plaintiff's bill in equity for the appointment of a receiver for defendant building and loan association.

In 1938 the stockholders of defendant association resolved upon a voluntary liquidation. Since that time three trustees have been conducting the liquidation.

Plaintiff's bill asserts that the trustees have disagreed, and that their disagreement jeopardizes completion of the liquidation. Defendant's answer denies that a receiver is required. Defendant further avers that the best interest of the association will be served if this court will rule that the trustees may act by a majority vote rather than by a unanimous vote.

Section 1110 (B) of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS §1074-1110, grants to the State Department of Banking the power to take possession of a building and loan association which is in the process of voluntary dissolution. It is admitted that the power granted to the Banking Department is a discretionary one. In the instant case, the Banking Department was requested to take over defendant association but, after a hearing on the merits, declined to do so. For this reason, plaintiff contends that this court should now appoint a private receiver.

Section 606 of the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733-606, provides that, in cases of this type, "no court shall appoint anyone but the Secretary (of Banking) as receiver for an institution". It is apparent, therefore, that we have no jurisdiction to appoint a private receiver as plaintiff requests. We are of the opinion that, if plaintiff seeks to review the action of the Secretary of Banking, she should file a writ of mandamus in the Dauphin County court.

Since we have no jurisdiction to grant the relief sought by plaintiff, the question of whether the trustees should act by a majority or by a unanimous vote cannot be adjudicated at this time. If defendant believes that this question must be settled, it should bring it affirmatively before the court in an appropriate proceeding. Bill dismissed. Plaintiff to pay costs.